UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PATRICIA SUTTON,

                          Plaintiff,                      **COMPLAINT**

      -against-

CONCORD NURSING HOME, INC.

                          Defendant.
-------------------------------------------------------------X

Plaintiff PATRICIA SUTTON, by and through her attorneys, alleges upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against Defendant CONCORD NURSING HOME, INC. to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks unpaid overtime wages, liquidated damages, attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiff also brings this action to remedy violations of the New York State Labor Law ("NYLL"), including NYLL §§ 190 et seq., §§ 650 et seq., and the regulations set forth in 12 NYCRR § 142. Pursuant to the NYLL, Plaintiff seeks unpaid wages, unpaid overtime, interest, reasonable attorneys' fees, liquidated damages and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## JURISDICTION AND VENUE

1

3. Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper within this District, pursuant to 28 U.S.C. § 1391, because Defendants do business in, and accordingly reside in, this District.  Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

5. Plaintiff PATRICIA SUTTON ("Plaintiff") resides in KINGS County in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendant as described herein.

7. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. §216(b).  Plaintiff's written consent is attached hereto as Exhibit "A" and incorporated by reference herein.

8. Defendant CONCORD NURSING HOME, INC. ("Defendant") is a New York Corporation with its main office located at 300 Madison Street, Brooklyn, New York 11216.

9. Defendant is an "employer" pursuant to the FLSA, 29 U.S.C. 203(d) and the regulations promulgated thereunder, as well as the NYLL.

10. Defendant grossed more than $500,000.00 in each of the last three calendar years.

11. At all times relevant hereto, Defendant has employed numerous "employee[s]", including Plaintiff, within the meaning of the FLSA and NYLL.

## FACTUAL ALLEGATIONS

12. According to its web-site, Defendant operates "a modern, fully equipped, skilled nursing facility offering a full range of medical, social, and rehabilitation services"[1]. Defendant's facility, located in Brooklyn, New York City, "features 167 beds, an Adult Day Care Program, and a dementia unit". *Id*.

13. Defendant employed Plaintiff from in or about 1997 until July 12, 2019.

14. At all times relevant hereto, Defendant employed Plaintiff to work as a "clerk" in its Finance Department.

15. For many years, Defendant assigned Plaintiff to work on payroll, as a "payroll clerk".

16. In or about 2016, Defendant assigned Plaintiff to work on accounts payable ("AP"), as an "AP clerk", in addition to assisting with payroll clerk duties.

17. As part of her duties, Plaintiff performed the following tasks: received mail and emails, reviewed invoices and their supporting documents, entered invoices for various vendors into Defendant's computer system(s), coded and matched invoices, filed paperwork, obtained sign-offs from various department heads, prepared checks, paid invoices, entered and corrected payroll, responded to payroll related questions, answered incoming phone calls, traveled to the bank on behalf of Defendant, and other tasks assigned to her by Defendant and her supervisor(s).

18. At the time that Plaintiff's employment with Defendant was terminated, Defendant paid Plaintiff an hourly wage of $34.34 per hour.

---

[1] http://www.concordcares.org/social-justice--caring/nursing-home-and-rehabilitation-center

19. Plaintiff was not an exempt employee under the FLSA and the NYLL and, at all times relevant hereto, was entitled to be paid overtime for all hours worked in excess of 40 per week.

20. At all times relevant hereto, Plaintiff was not given the authority to make important financial decisions on behalf of Defendant. Plaintiff did not personally sign checks, nor was she entitled to make or submit changes or corrections to invoices or payroll without the approval of a supervisor.

21. Throughout her employment with Defendant, Plaintiff regularly worked well over forty (40) hours per week without being paid (a) for all hours worked, and (b) overtime premiums for all hours she worked in excess of 40 per week.

22. Defendant regularly scheduled Plaintiff to work five (5) days – Monday through Friday – each week.

23. Defendant required that all of its employees, including Plaintiff, scan in – via a palm scan/reader – when they arrived to work at Defendant's building.

24. Defendant required that all of its employees, including Plaintiff, scan out – via a palm scan/reader - when they finished working at the end of the day and left Defendant's building.

25. Plaintiff usually arrived at Defendant's building every day between 9:30 and 10:00 AM.

26. Due to the heavy volume of work assigned to her, Plaintiff regularly stayed late to work in Defendant's building.

27.     Although she was only scheduled to work until 5:00 or 5:30 PM, Plaintiff regularly worked in the office until 7:00 or 8:00 PM.  When things were busy, Plaintiff stayed and worked past 8:00 PM.

28.     Although Plaintiff regularly worked between forty-five (45) and fifty (50) hours per week, Defendant only paid her for between thirty-five (35) and thirty-six and a quarter (36.25) hours per week.

29.     Defendant had a policy where it automatically deducted one (1) hour from Plaintiff's pay each day, ostensibly for a lunch/meal break.

30.     However, due to her heavy volume of work, Plaintiff was often interrupted during, and/or had to work through all or part of, her unpaid lunch/meal breaks.

31.     Plaintiff regularly ate lunch at her desk and worked through much or all of her lunch/meal breaks.

32.     Plaintiff was regularly interrupted during her lunch/meal break to answer payroll or AP/finance questions and/or was required to work on vendor invoices and/or payroll during all or parts of her lunch/meal period.

33.     Defendant and Defendant's management knew that Plaintiff was working through her lunch/meal breaks and after the end of her scheduled shifts and that she was working many more hours than she was being paid for.

34.     Defendant willfully failed to pay Plaintiff (i) for all hours she worked, and (ii) at the rate of one- and one-half times her regular hourly rate of pay for all hours she worked in excess of forty (40) in a workweek.

35. During her employment with Defendant, Plaintiff accrued approximately 703 hours of unused vacation, which Defendant failed to pay her at the termination of her employment with Defendant.

36. During her employment with Defendant, Plaintiff accrued approximately 783 hours of unused sick pay, which Defendant failed to pay her at the termination of her employment with Defendant.

37. Defendant violated NYLL §198, by unlawfully failing to pay Plaintiff's wages, in the form of accrued vacation and sick pay.

38. Defendant is or should has been aware that federal and state laws required Defendant to pay Plaintiff (i) for all hours she worked, (ii) overtime premiums for all hours worked in excess of forty (40) in a workweek, and (iii) all wages due to her.

39. Upon information and belief, Defendant knew of, and/or showed reckless disregard for, the practices by which Plaintiff was not paid (i) wages for all hours she worked and/or is owed, (ii) overtime premiums for all hours worked in excess of forty (40) hours in a week, and (iii) all wages due to her.

40. Upon information and belief, Defendant knew of, and/or showed reckless disregard for, the practices by which Defendants failed to pay Plaintiff all of the wages and overtime premiums it owed her.  Further, Defendant knew that its nonpayment of wages and overtime premiums would economically injure Plaintiff and that nonpayment violated the FLSA and the NYLL.

41. Defendant committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff.

## FIRST CAUSE OF ACTION

**(Failure to Pay Overtime Wages – FLSA)**

42. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

43. Defendant was required to properly pay Plaintiff overtime wages at the rate of one and one-half times her regular hourly rate for all hours worked in excess of forty (40) hours in a workweek.

44. Defendant violated the FLSA by developing a standard business practice of failing to pay overtime premiums to Plaintiff and thereby violating the overtime requirements of the FLSA.

45. Defendant has willfully and intentionally engaged in a widespread pattern and practice of violating provisions of the FLSA by failing to pay Plaintiff for all hours worked and failing to pay Plaintiff overtime at not less than one and one-half times her regular rate of pay for all hours worked in excess of forty (40) in a workweek.  Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and (e) and § 215(a).

46. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in amounts to be determined at trial and is entitled to recovery of such amounts, an equal additional amount as liquidated damages, post-judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**(Failure to Pay Wages and Overtime Wages – NYLL)**

47. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

48. During her employment with Defendant, Plaintiff was an "employee" within the meaning of N.Y. Lab. Law § 190(2), and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

49. During Plaintiff's employment with Defendant, Defendant was an employer within the meaning of N.Y. Lab. Law § 650(6).

50. Defendant failed to pay Plaintiff wages for all hours worked and overtime wages of not less than one and one-half times her regularly hourly rate for each hour worked in excess of forty hours in a workweek in violation of the N.Y. Lab. Law, Article 19, §650, *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, §142-2.2.

51. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant wages for all hours worked and overtime wages of not less than one and one-half times her regular hourly rate for each hour worked in excess of forty (40) hours in a workweek, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**(Failure to Pay Benefits & Wages NYLL)**

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

53. Defendant violated NYLL §198, by unlawfully failing to pay Plaintiff wages, in the form of accrued vacation and sick pay.

54. As a direct and proximate result of Defendant's willful and unlawful conduct, Plaintiff has sustained damages, including the loss of wages, in an amount to be established at trial.

55. Plaintiff seeks damages in the amount of her unpaid wages, liquidated damages, pre-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### (NYLL §§ 195 - Failure to Provide Accurate Wage Statements)

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth herein.

57. Defendant has willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

58. The pay statements that Defendants issued to Plaintiff failed to include the correct number of "hours worked".

59. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant $250 for each workday that the § 195(3) violations occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-d.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

(a) An award of damages, according to proof, to Plaintiff including FLSA liquidated damages to be paid by Defendant;

(b) An award of damages to Plaintiff for violations of the NYLL, including statutory damages and NYLL liquidated damages;

(c) Costs of action incurred herein, including expert fees;

(d) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(e) Pre-Judgment and post-judgment interest, as provided by law; and

(f) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and claims with respect to which she has a right to a jury trial.

Dated: November 5, 2019            Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

_____/s/ David Harrison_____
David Harrison, Esq.
110 State Highway 35, Suite #10
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 799-9171 Fax
dharrison@nynjemploymentlaw.com
*Attorneys for Plaintiff*

# EXHIBIT "A"

I am a current or former employee of concord nursing home8 and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this 17th day of october , 2019.

DocuSigned by:
*Patricia Sutton*
95C1202D5DC0453... Signature

Patricia Sutton
Full Legal Name (print)