UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
  PATRICIA SUTTON,

                              Plaintiff,

                -against-                                    **<u>ORDER</u>**
                                                            19 CV 6229 (CLP)

  CONCORD NURSING HOME, INC.,

                              Defendant.
---------------------------------------------------------- X

**POLLAK**, Chief United States Magistrate Judge:

On November 5, 2019, plaintiff Patricia Sutton filed this action against defendant

Concord Nursing Home, Inc., seeking to recover unpaid overtime wages and other damages

pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et seq.</u>, and the New York

Labor Law, Art. 6 § 190 <u>et seq</u>, and § 650 <u>et seq</u>.  The parties have consented to this Court's

jurisdiction to determine the fairness of the proposed settlement of this matter.[1]

The parties reached a settlement of this matter, the terms of which are set forth in an

Agreement and Release (the "Settlement Agreement") filed with the Court.  (<u>See</u> Sett. Agr.[2]).

On September 25, 2020, plaintiff filed a motion requesting that the Court approve the Settlement

Agreement as fair and reasonable pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d

199 (2d Cir. 2015), <u>cert. denied</u>, 136 S. Ct. 824 (2016).  On October 23, 2020, the Court held a

fairness hearing on the motion.  For the reasons set forth in this Order, the Court approves the

parties' Settlement Agreement as fair and reasonable and approves the attorney's fee.

---

[1] <u>See</u> Consent to Magistrate Judge Disposition, endorsed by the Honorable Eric Komitee on
August 28, 2020, ECF No. 13.
[2] Citations to "Sett. Agr." refer to the Settlement Agreement and Release, submitted as Exhibit A
to the Motion for Settlement Approval filed by plaintiff on September 25, 2020, ECF No. 14.

FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, plaintiff worked as a clerk in the finance department for defendant Concord Nursing Home, Inc., a nursing facility in Brooklyn, New York.  (Compl.[3] ¶¶ 12, 14).  The defendant employed Ms. Sutton from 1997 until July 12, 2018.  (Id. ¶ 13).  Plaintiff alleges that she regularly worked between 45 and 50 hours each week, but was paid for only 35 to 36.25 hours per week.  (Id. ¶ 28).  Plaintiff further alleges that pay was automatically deducted for meal breaks, but she often had to work through her unpaid breaks.  (Id. ¶¶ 29–31).  Plaintiff also claims that the defendant failed to pay her for unused vacation and sick time at the termination of her employment. (Id. ¶¶ 35–36).  Plaintiff claims that the defendants failed to provide her with accurate pay statements.  (Id. ¶ 58).  She claims that she is owed unpaid regular wages, overtime wages, and benefits pay, as well as penalties and liquidated damages.  (Id. ¶¶ 46, 51, 55, 59).

The parties propose to settle the case for a total of $68,000.  (Mot.[4] at 1).  Of that amount, plaintiff is to receive $45,333.34.  (Id. at 2).  Plaintiff's counsel is to receive $22,666.66 in attorney's fees and costs.  (Id.)

DISCUSSION

1.  Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching."  Le v. Sita Info. Networking

---

[3] Citations to "Compl." refer to the Complaint, filed November 5, 2019, ECF No. 1.
[4] Citations to "Mot." refer to the Motion for Settlement Approval, filed by plaintiff on September 25, 2020, ECF No. 17.

Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008) (internal quotation omitted); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation").  Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." Fisher v. SD Prot. Inc., 948 F.3d 593, 606 (2d Cir. 2020) (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)).  "[E]ven though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable."  Id. at *9.  Rather, if the court finds one or more provisions of a FLSA settlement agreement to be unreasonable, the Court must reject the proposed settlement.  See id at *8.

The Court finds that the terms of the Settlement Agreement are fair and reasonable.  The agreement contains no impermissible "no assist," "no employment," confidentiality, or non-

disparagement clauses, which contravene the FLSA.  See Garcia v. Good for Life by 81, Inc., No. 17 CV 7228, 2018 WL 3559171, at *4 (S.D.N.Y. July 12, 2018); Ortiz v. My Belly's Playlist LLC, 283 F. Supp. 3d 125, 126 (S.D.N.Y. 2017); Martinez v. Gulluoglu LLC, No. 15 CV 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016); Souza v. 65 St. Marks Bistro, No. 15 CV 327, 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015).

Although the Settlement Agreement contains a release, the release only precludes further lawsuits arising out of plaintiff's wage and hour claims (Sett. Agr. ¶ 2), which the Court finds reasonable, as a narrow release limited to the claims at issue in this lawsuit does not offend Cheeks.  Cf. Lopez v. 41-06 Bell Blvd. Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016), report and recommendation adopted, No. 15 CV 6953, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016) (holding that "broad general releases" contravene the protective nature of the FLSA); Gonzales v. Lovin Oven Catering of Suffolk, Inc., No. 14 CV 2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (holding that a settlement agreement containing a general release violated the FLSA).

2.  Settlement Amount

The Settlement Agreement, which was reached after a period of arm's-length bargaining supervised by this Court, proposes a total settlement amount of $68,000.  (Mot. at 1).   In reaching this agreement, the parties acknowledge that there were ongoing disputes regarding the plaintiff's claims and the extent of damages to be awarded.  (Id. at 2).  The defendant argued that plaintiff was properly classified as exempt from overtime.  (Id.)  The defendant also argued that plaintiff is legally barred from recovering unpaid break time or sick pay.  (Id.)  Finally, the defendant's financial position was a consideration in the settlement, because Concord Nursing

Home is a non-profit institution with limited assets.  (Id.)  Plaintiff alleged that her total damages

were $101,342, including unpaid regular hours, unpaid overtime, and unpaid vacation and sick

pay.  (Id. at 1–2).  However, plaintiff anticipated difficulty in locating witnesses willing to testify

against the defendant.  (Id. at 2).  Plaintiff also wished to minimize time lost from work to attend

depositions, conferences, and trial.  (Id.)  Under this agreement, plaintiff will receive $45,333.34.

(Id.)

Weighing the settlement amount agreed to here against the inherent risks and burdens

that plaintiff would face in pursuing the litigation, and seeing no issues regarding potential fraud

or collusion in this case, the Court finds that the settlement reached is fair and reasonable.  See

Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335.


3.  Attorney's Fees and Costs

The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA

settlements are reasonable:  "(1) the time and labor expended by counsel; (2) the magnitude and

complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation;

(5) the requested fee in relation to the settlement; and (6) public policy considerations."

Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

Courts employ the "lodestar" method in determining whether attorney's fees are

reasonable, multiplying the number of hours reasonably spent by counsel on the matter by a

reasonable hourly rate.  See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551-52 (2010);

Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned

Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v.

Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50

F. App'x 36 (2d Cir. 2002).  Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. Cowan v. Ernest Codelia, P.C., 2001 WL 30501 at *7; Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

Courts in this Circuit have addressed the issue of applying a multiplier to the lodestar calculation.  In one case, the Honorable William H. Pauley III concluded that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases."  Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014).  In reaching this decision, Judge Pauley examined the case law of this Circuit and noted that courts "have generally refused multipliers as high as 2.03.'"  Id. at 438 (quoting In re Currency Conversion, 263 F.R.D. 110, 129 (S.D.N.Y. 2009)); see also Velandia v. Serendipity 3, Inc., No. 16 CV 1799, 2018 WL 3418776, at *5 (S.D.N.Y. July 12, 2018) (finding a multiplier of 1.2 to be a "reasonable lodestar modifier").

Instead of using the lodestar method, courts may employ the "percentage of the fund" method.  See McDaniel v. County of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).  With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable.  Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases).  However, a one-third percentage may be "simply too great" in relation to the work performed.  Larrea v. FPC Coffees Realty Co., No. 15 CV 1515, 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (declining to approve a one-third fee that would result in an 11.4 multiplier of the lodestar calculation).

In FLSA cases, regardless of the method used, "'[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a

settlement rather than judicially determined.'" Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013).  Courts in this Circuit have declined to approve the award of attorney's fees when the lodestar or the percentage of the settlement that counsel sought appeared unreasonable.

Here, plaintiff's counsel seeks one-third of the total settlement inclusive of costs, amounting to a total of $22,666.66.  (Mot. at 2).  Plaintiff's counsel submitted hourly totals worked by two attorneys and a paralegal, reflecting a total of $15,360.00 in fees accrued over the course of the litigation.  (Id.)  The lodestar multiplier for plaintiff's counsel thus amounts to 1.47. As plaintiff's counsel is requesting one-third of the settlement, a percentage typically found reasonable in this Circuit, upon review of the parties' submission and consideration of the Goldberger factors set forth above, the Court finds the requested fee to be reasonable.

CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel, sufficient to gain an understanding of the risks and benefits of proceeding with the litigation.  Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements).  The Court also finds that counsel's request for fees and costs is reasonable.

The Court directs the parties to submit a signed Stipulation of Dismissal by March 19,

2021.

The Clerk is directed to send copies of this Order to the parties either electronically

through the Electronic Case Filing (ECF) system or by mail.


**SO ORDERED.**

Dated: Brooklyn, New York
       October 26, 2020

                                    /s/ Cheryl L. Pollak
                                    Cheryl L. Pollak
                                    Chief United States Magistrate Judge
                                    Eastern District of New York